ADOLF WEXLER, Respondent, v. ISAAC LEVY and Another, Appellants; JOSEPH P. MARCELLE, Receiver in Person and Others, Defendants. (Appeal No. 1.) — Order resettling order denying motion to vacate the appointment of a receiver affirmed, with ten dollars costs and disbursements. It was a proper exercise of discretion of the court at Special Term to refuse to vacate the receivership in view of the fact that, admittedly, the plaintiff, the owner of the second mortgage foreclosed, had been required to pay approximately $5,000 arrearages in taxes, water charges and interest on the first mortgage for the years 1932 and 1933, which the defendants, mortgagors, had failed and neglected to pay. Young, Hagarty, Carswell, Scudder and Davis, JJ., concur.

ADOLF WEXLER, Respondent, v. ISAAC LEVY and Another, Appellants, Impleaded with Others, Defendants. (Appeal No. 2.) — Order striking out the third separate defense from the amended answer of defendant Isaac Levy and the third and fourth defenses from the amended answer of defendant Ida Levy affirmed, with ten dollars costs and disbursements. Even if we assume that a valid agreement was made for a reduction in the payments of installments, as alleged in the third paragraph of the amended answers, defendant Isaac Levy admittedly made default in the payment of taxes and water rates and the plaintiff was entitled to foreclose. There was no waiver of such default. As to the fourth defense of defendant Ida Levy, she did not become a surety, for her agreement, based on sufficient

consideration, was that she should release all her rights of dower or otherwise in the real property covered by the mortgage and subordinate her rights to the lien of the mortgage. This was an original promise. The question as to whether she became personally liable for the mortgage debt by signing the extension agreement is a question not presented here and we do not pass on it. Young, Hagarty, Carswell, Scudder and Davis, JJ., concur.